### HOLDEN *v.* THE FIRST PARISH IN OTISFIELD.

Where divers persons subscribed to' a parish fund, giving each one his separate note to the treasurer for the amount subscribed, under an agreement that if any subscriber removed and remained out of town three years his note should be given up;—it was held that a subscriber who had thus removed and remained out of town, was entitled not only to receive his note, but to recover back any monies paid in part of the *principal sum* subscribed.

THIS was *assumpsit* upon a special agreement dated *October* 15, 1814, by which the plaintiff and several other inhabitants of the first parish in *Otisfield* bound themselves to assist the parish by creating a fund " to support a minister of the gospel of the " congregational denomination and calvinistic doctrine." The terms of the agreement were—that the interest on the amount subscribed by each party should be paid annually, so long as such party should continue to reside in *Otisfield ;*—and that if, within seven years then next, any subscriber should remove from that town, and continue to reside in another town for the space of three years together, the note or notes which he might give to the parish treasurer for the amount of his subscription should be given up. The declaration contained also a count for money had and received.

It appeared that the plaintiff subscribed two hundred dollars to the fund, for which sum he gave his promissory note to the parish treasurer ;—that in the year 1815 he voluntarily paid one hundred and sixty dollars of the note, by procuring other persons who were indebted to him to give their notes to the treasurer for that amount ;—that in *March* 1818 he removed from *Otisfield,* and had never returned thither to reside ;— that after the commencement of this suit he paid a small balance of interest due on the note at the time of his removal, which the treasurer received without objection, and without knowledge of the commencement of this suit ;—that the original note, and the notes given in part payment thereof, or the money, had been duly demanded by the plaintiff ;—and that the defendants were willing to deliver up the original note, on receiving the balance of interest aforesaid, but refused to deliver the others or to refund the money paid to them.

Hereupon a verdict was taken for the plaintiff for the *principal* sum paid, and interest upon it, subject to the opinion of the whole Court upon the effect of the evidence in the case.

*Fessenden*, for the defendants.

1. Upon a fair construction of the contract it was never intended by the parties to give a right of action to recover back monies *paid;* but only that where the note remained unpaid at the time of removal, its payment should not be enforced.— If the party chose to pay, it was well,—if not, he should never be compelled to pay more than the interest, if he was punctual in this. And this construction is reasonable. The object of the parties was to support the public m. 'istrations of religion, by a permanent fund. But the plaintiff would compel them to pay the money belonging to this fund for notes of which they never have received payment, and perhaps never will be able to collect; and which they never can enforce so long as the interest is paid, and the makers reside in that town. The principle on which this action is founded will oblige the defendants always to keep on hand, and unproductive, all the money voluntarily paid, or at least to preclude them from vesting it in permanent loans, since they must be obliged to refund it upon demand. Further, if the plaintiff is entitled to the money for the amount of the substituted notes, it is because they are his property. If so, his remedy should have been in trover. But the payment of the money, in this manner, upon his own note, is a waiver of so much of his rights under the special contract.

2. The payment was *voluntary*, and so not recoverable back unless paid by mistake or coercion, which the case does not find. *Cartwright v. Rowley*, 2 *Esp.* 723. *Knibbs v. Hall*, 1 *Esp.* 84. 2 *Comyn on Contr.* 41—43. *Brown v. Mc Kinnally*, 1 *Esp.* 279. *Morris v. Tarin*, 1 *Dal.* 147. *Bilbie v. Lumley*, 2 *East.* 469. *Taylor v. Hare*, 1 *New Rep.* 260. *Marriot v. Hampton*, 2 *Esp.* 546. *Hall v. Shultz.* 4 *Johns.* 240.

3. The action is prematurely brought, the interest due on the plaintiff's removal from *Otisfield* not having been then fully paid up. For until such payment of interest, the note was not, by the terms of the contract, to be surrendered.

*Howe*, for the plaintiff.

PER CURIAM. The decision of this case depends on the interpretation of the contract. The subject matter of this contract was the money constituting a productive parish fund. If any subscriber removed out of town, thus ceasing for a time to derive any benefit from the fund, he was only holden to pay the interest *then due*. If his absence continued three years, this seems to have been taken as evidence of a final change of domicil, in which case he was to be entitled to receive back his note. But any subscriber was at liberty to save himself the trouble of an annual recurrence of the payment of interest, by depositing the capital itself in the treasury at once ; and it does not seem consistent with the principles of natural justice to place such a subscriber in a worse condition, than one who had never paid any thing to the fund. In the latter case the party would elect to retain the capital in his own hands, paying the interest ;—in the former he would only have committed the management to the treasurer ;—but in every case where he might reclaim the note, we think he might reclaim the *principal money* paid upon it. This action is therefore maintained.

The objection that this action was prematurely brought, because a small *modicum* of interest remained unpaid at its commencement, we do not think is well founded. The action for money had and received is an equitable action, in which the Court will endeavour, as far as is practicable, to settle the whole matter in dispute. Here the defendants were in possession of one hundred and sixty dollars of the plaintiff's money, out of which, he might well have insisted, they should deduct any balance of interest due to them ;—for his claim against them being perfect for the principal in their hands, and theirs against him being equally perfect for the interest due at the time of his removal, the whole case would resolve itself into a comparison of these two sums. But the defendants having received the interest due to them,—no matter whether before or after this action was brought,—there remains no objection to the recovery by the plaintiff of the principal which he has paid into the fund, with interest.

*Judgment on the verdict.*